Merrimack,  
Feb. 5, 1907.

## STEVENS *v.* KING *&* *a.*, *&* *Trs.*

Where the estate of one sued as trustee is settled in the insolvent course, the claim of the principal defendant against the estate is barred if not presented to the commissioner within the time limited, in which event the trustee must be discharged.

MOTION, by the plaintiff, for leave to prosecute the claim of the principal defendant against the trustees, the estate of the deceased trustee being administered in the insolvent course. The suit was begun in the lifetime of the deceased trustee, and upon his death the executors were summoned in. This claim was not presented to the commissioner, for the reason that the plaintiff was ignorant of the pendency of the insolvency proceedings until the present term and after the commissioner's report had been accepted by the probate court. The motion was granted, and the executors excepted. Transferred from the April term, 1906, of the superior court by *Peaslee*, J.

*Joseph S. Matthews*, for the plaintiff.

*Mitchell & Foster*, for the executors.

WALKER, J. Ordinarily, when an administrator is sued as a trustee and the estate is settled as insolvent, the case is continued on the docket until the plaintiff has presented the principal defendant's claim to the commissioner and obtained a report thereon and a decree showing what amount the administrator had in his hands, when his deposition may be taken and a judgment rendered against him. *Chapman* v. *Gale*, 32 N. H. 141; *Rollins* v. *Robinson*, 35 N. H. 381. This is the interpretation put upon section 24, chapter 208, Revised Statutes, by the court in the cases cited, which in effect is like section 4, chapter 245, Public Statutes, which provides that "if a trustee dies pending the proceedings against him, his executor or administrator may be summoned in as a party, and he shall be liable as if the action had been brought against him as trustee." But it was held that if the claim is not presented to the commissioner before the close of the commission, section 15, chapter 163, Revised Statutes, prevents the trustee from being charged; that is, the claim of the principal defendant against the trustee is barred. And since section 18, chapter 193, Public Statutes, is substantially similar to that statute, it follows upon the authority of the cases cited that the plaintiff cannot charge the trustee in this action.

While conceding that this result is correct as the law stood

when *Chapman* v. *Gale* was decided, it is argued that section 7, chapter 191, Public Statutes, gives the court discretionary power to allow the question of the trustee's liability to be tried by a jury when, as in this case, the claim has not been filed with the commissioner and the time for such filing has passed. This section of the statute is as follows: "No action shall be begun against an administrator after the estate is decreed to be administered as insolvent; and no action against the deceased or his administrator pending in court when such decree is made shall be further prosecuted therein, unless by leave of the court in which it is pending. If an action is thus prosecuted and judgment is rendered for the plaintiff, the judgment shall be certified to the judge of probate, and the amount thereof shall be added to the list of claims." This statute took the place of section 8, chapter 161, Revised Statutes, which reads as follows: "No action shall be commenced or prosecuted against an administrator, where the estate is decreed to be administered as an insolvent estate; but the cause of action may be presented to the commissioners and allowed, with the costs of any action pending at the time of such decree."

In *Chapman* v. *Gale, supra,* it was held that the latter statute did not apply where an administrator is sued as a trustee; that it had reference to suits in which the administrator was the principal defendant. *Rollins* v. *Robinson*, 35 N. H. 381. Under that ruling, all suits of that character abated upon a decree ordering the estate to be settled as insolvent. *Clindenin* v. *Allen*, 4 N. H. 385; *Hawkins* v. *Learned*, 54 N. H. 333. But by virtue of the other provisions of the statute trustee suits did not abate, and the liability of the administrator as trustee was determined after a hearing before the commissioner. The law as found in section 8, chapter 161, Revised Statutes, continued in force with a slight change in phraseology (G. L., *c.* 198, *s.* 8) until 1881, when the following was substituted in its place: "No action shall be commenced against an administrator after the estate is decreed to be administered as insolvent. Actions and suits at law or in equity against said administrator or the deceased, commenced before such decree and then pending in court, may be referred to a referee under section 10 of chapter 231 of the General Laws. The judgment of the court upon the award of the referee, if in favor of the creditor, shall be certified to the judge of probate, and the amount recovered by the creditor, including costs, shall be added to the list of claims, as in case of appeals from the commissioner: *Provided,* however, that nothing herein contained shall be construed to deprive either party of the right of trial by jury." Laws 1881, *c.* 34, *s.* 1. Upon the revision of 1891, the statute upon this subject took its present form. P. S., *c.* 191, *s.* 7, above quoted. The

various revisions and amendments of the statute since the Revised Statutes afford no evidence of a legislative intention to so broaden its scope as to make it apply to trustee suits in which an administrator is sued as trustee; and in view of the holding in *Chapman* v. *Gale* and *Rollins* v. *Robinson*, with which subsequent legislatures were presumably familiar, it is plain that such has not been the intention.    The mere fact that it may not be incorrect to say that when an administrator is sued as trustee an action is pending against him, is not of such evidentiary importance as to outweigh the evidence of a contrary legislative intention with reference to trustee suits.    There is no substantial reason why the kind of "action" which, under the original statute, abated upon the institution of insolvency proceedings, was any different kind of action than that covered by the subsequent statute which allows it to be prosecuted "by leave of the court in which it is pending." See *Edgerly* v. *Hale*, 71 N. H. 138, 141.

Upon the death of the trustee the executors were properly summoned in, and they became "liable as if the action had been brought against" them as trustees.    P. S., c. 245, s. 4.    When the decree of insolvency was made, the plaintiff's claim, if any, against the executors became subject to section 18, chapter 193, Public Statutes, which provides that "all demands against an estate which might have been presented to the commissioner and were not so presented, and all demands so presented and rejected, and not allowed upon appeal, shall be forever barred."    The liability of the executors depended upon the question whether the estate was indebted to the principal defendant, and that question the plaintiff had a right to have adjudicated by the commissioner. He was entitled to present his demand in this respect to that tribunal; but as he did not, the statute provides that it "shall be · forever barred."    Whether the statutory procedure in such cases is the best that might be devised, it would be useless to consider, since the legislature has clearly pointed out the course to pursue and the consequences resulting from a neglect to pursue it.    Nor would it be useful to consider in this case what bearing the plaintiff's ignorance of the insolvency proceedings might have had, if it had been induced by the bad faith of the executors.    "It is clearly not the duty of the administrator to present the claims against the estate, and if it is barred without fault on his part, he must be discharged.    The principal debtor owes no duty to his creditor to present the claim, and he may have no interest to present it.    The creditor had no course to protect himself but to present the claim." *Rollins* v. *Robinson*, *supra*, 383.

*Exception sustained.*

YOUNG, J., dissented: the others concurred.